UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:07-cr-76-FtM-29DNF

ALBERTO ORTEGA
_____

### OPINION AND ORDER

_____This matter comes before the Court on the United States'
Motion for Reconsideration of Order Granting Defendant's Motion to
Suppress (Doc. #56) filed on November 21, 2007.  Defendant filed a
Memorandum in Opposition (Doc. #57) on November 27, 2007.

The government argues that the Court should reconsider its
prior order suppressing certain evidence, citing the good faith
reliance principles in United States v. Leon, 468 U.S. 897 (1984).
The Court will grant the motion for reconsideration in order to
consider the application of Leon to this case.  After such
consideration, however, the Court finds that its prior Opinion and
Order (Doc. #48) should not be changed.

The Leon good faith principles relate to whether, after a
Fourth Amendment violation has been found, the court-created
exclusionary rule should be applied and the evidence suppressed.
The exclusionary rule is a separate issue from whether there has
been a Fourth Amendment violation.  Leon, 468 U.S. at 906.  Unlike
the present case, Leon dealt with "constitutional violations

stemming from mistakes by judicial officers carried out by law enforcement officers," not mistakes by law enforcement officers. United States v. Herring, 492 F.3d 1212, 1215-16 (11th Cir. 2007). The Eleventh Circuit has identified three conditions which must occur to warrant application of the exclusionary rule: "First, there must be misconduct by the police or by adjuncts to the law enforcement team. Second, application of the rule must result in appreciable deterrence of that misconduct. Finally, the benefits of the rule's application must not outweigh its costs." Herring, 492 F.3d at 1217 (citations omitted).

The Court finds that all three conditions are satisfied in this case.  First, the misconduct involved in this case was by law enforcement officers, not others.  Second, suppression of the evidence in this case will result in deterrence of that misconduct. While the officers made a mistake in their handling of the situation and their evaluation of the permissibility of their conduct, the record does not establish any reason to believe that they were not attempting to do it correctly or will not learn from the error.  While defendant sees the Court's ruling as an adverse comment on the officers' credibility, in fact the Court relied upon the officers' candid testimony in arriving at its decision that the conduct violated the Fourth Amendment.  Finally, the Court concludes that the benefits of suppression will outweigh the societal costs.  While suppression usually has an adverse impact on the viability of a prosecution, the benefits of encouraging

compliance with the Fourth Amendment outweighs that cost, at least in a case like this.  Whether the search warrant was valid or not, the Court found that the officers's decision to obtain the search warrant was tainted by the unlawful conduct.  (Doc. #48, pp. 10-12.)

Accordingly, it is now

**ORDERED**:

1.   The United States' Motion for Reconsideration of Order Granting Defendant's Motion to Suppress (Doc. #56) is **GRANTED.**

2.   After reconsidering the matter, the Court's November 6, 2007 Opinion and Order (Doc. #48) will not be changed.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of November, 2007.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record

-3-